UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIELLE Z.-Y.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:23-CV-6116-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for supplemental security income (SSI) benefits and disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that the Administrative Law Judge (ALJ)'s decision must be affirmed.

## I.    BACKGROUND

Plaintiff unsuccessfully applied for SSI and DIB in 2015. AR 84–107. The ALJ's decision in that matter was subsequently affirmed by this Court. AR 136–46. Plaintiff filed new applications for SSI and DIB on November 27, 2019. AR 282–90. Her amended alleged onset

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

date was January 1, 2019. AR 18. After her applications were denied initially and upon reconsideration, her requested hearing was held before the ALJ on September 13, 2022. AR 45–83. On October 6, 2022, the ALJ issued a written decision finding Plaintiff not disabled. AR 15–44. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision final. AR 1–6. Plaintiff filed her Complaint in this Court on December 7, 2023. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In her opening brief, Plaintiff contends the ALJ erred by (1) failing to properly evaluate her subjective symptom testimony; (2) failing to properly evaluate medical opinion evidence; and (3) failing to properly assess a lay witness statement. *See generally* Dkt. 12.[1]

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ failed to properly assess the medical opinions of Terilee Wingate, PhD; Peter Weiss, PhD; William Wilkinson, EdD; Walter Scott Dilk, MA, MHP, CAAR; and Michael Brown, PhD. Dkt. 12 at 2–8.[2]

---

[1] Plaintiff also contends the ALJ's residual functional capacity (RFC) assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated. *Id.* at 17–18. Because the Court concludes the ALJ did not err in considering that evidence, the Court rejects this argument.

[2] Plaintiff summarizes some of the rest of the medical evidence but fails to make any substantive argument about the ALJ's evaluation of any opinions or impairments other than those discussed therein. *See* Dkt. 12 at 7–8. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus does not consider the ALJ's evaluation of any opinions other than those discussed herein.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

1. Medical Opinion Evidence Standard

For applications, like Plaintiff's, filed after March 27, 2017, the new regulations concerning the evaluation of medical opinion evidence codified in 20 C.F.R. §§ 404.1520c, 416.920c apply. Under those regulations, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See* 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

As an initial matter, Plaintiff's Reply Brief challenges the validity of the 2017 medical evidence regulations in light of the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). *See* Dkt. 20 at 2. *Loper Bright* overruled the *Chevron* doctrine, under which courts were required to defer to agencies' reasonable interpretations of ambiguous statutes. *See* 144 S. Ct. at 2254–55 (citing *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)). Plaintiff contends the new regulations are "contrary to the purpose of the Social Security Act" and therefore are "not entitled to deference." Dkt. 20 at 3–4.

However, the new regulations do not reflect an interpretation of the Social Security Act that would have required *Chevron* deference. Rather, they were promulgated "within [the

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

Commissioner's] wide latitude to make rules and regulations, particularly those governing the nature and extent of the proofs and evidence to establish the right to benefits." *Cross v. O'Malley*, 89 F.4th 1211, 1215–16 (9th Cir. 2024) (quoting *Woods*, 32 F.4th at 790) (cleaned up); *see also* 42 U.S.C. § 405(a) (authorizing the Commissioner to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same"); *Chevron*, 467 U.S. at 843–44 (distinguishing regulations promulgated under "express delegation[s] of authority" from implicit statutory gaps for which deference is appropriate); *Cross*, 89 F.4th at 1216 (finding new medical opinion regulations promulgated pursuant to "a 'gap' 'explicitly left' by Congress") (quoting *Chevron*, 467 U.S. at 834–44).

Where a "statute expressly entrusts the [Commissioner] with the responsibility for implementing a provision by regulation, [a court's] review is limited to determining whether the regulations promulgated exceeded the [Commissioner's] statutory authority and whether they are arbitrary and capricious." *Heckler v. Campbell*, 461 U.S. 458, 466 (1983) (footnote omitted). The Ninth Circuit held in *Cross* that the new regulations did not exceed the Commissioner's statutory authority and were not arbitrary and capricious. *See* 89 F.4th 1215–17. The Court therefore applies those regulations here.

2. <u>Drs. Weiss and Wingate</u>

DSHS psychological examiner Dr. Weiss completed opinions in October 2019 (AR 925–29) and June 2022 (1082–88). The ALJ found both opinions unpersuasive, repeating the same reasoning for both opinions. *See* AR 34–36. DSHS psychological examiner Dr. Wingate completed an opinion in October 2018 (AR 919–22), which the ALJ found unpersuasive. AR 34.

Dr. Wingate opined Plaintiff had marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual; maintain appropriate behavior in the work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 919–22. Dr. Weiss opined the same in both of his opinions. AR 921–22, 1084.

The ALJ rejected this part of Dr. Weiss's opinions because "the degree [of limitation] opined lack[ed] support and [was] inconsistent with other evidence, especially in light of [Plaintiff's] self-employment activities, of which Dr. Weiss was not aware, in addition to her participation in college at the time." AR 34–35. He similarly rejected Dr. Wingate's opinion because she "was not aware of the claimant's self-employment activities." AR 34. "A conflict between [an opinion] and a claimant's activity level is a specific and legitimate reason for rejecting the opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); *see also id.* at 1156 ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]"). Additionally, that Drs. Wingate and Weiss did not have such evidence available to them is a valid consideration. *See* 20 C.F.R. § 404.1520c(b)(5).

Here, Plaintiff testified she spent four to six hours per day building an online business in 2021, engaging in tasks such as "building a website" and "putting together email templates[,] policies[,] and . . . legal documents." AR 60. She was enrolled in college with greater than a half-time course load in 2019. *See* AR 804, 816, 925, 1083. The ALJ reasonably found such activities inconsistent with severe and marked limitations in Plaintiff's ability to complete a workday and work week and perform activities in a schedule, as opined by Drs. Weiss and Wingate.

Dr. Weiss also opined Plaintiff had a marked limitation in setting realistic goals and planning independently. AR 921–22, 1084. The ALJ found the RFC adequately captured this

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

1   limitation because "the limitations [in the RFC] to [performing] the same tasks over and over and
2   to a predictable routine do not require setting goals or planning." AR 34–35. Plaintiff raises no
3   argument challenging this finding. *See* Dkt. 12 at 4–5. The Court finds the ALJ adequately
4   addressed this limitation by explaining it was incorporated in the RFC. *See Rounds v. Comm'r*
5   *Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating
6   and incorporating clinical findings into a succinct RFC.").

7        The ALJ rejected Dr. Weiss's opinion that Plaintiff had a marked limitation in her ability
8   to communicate and perform effectively and a marked limitation in her ability to maintain
9   appropriate behavior in a work setting because those limitations were "unsupported by [Dr.
10  Weiss's] own examination," which found Plaintiff was cooperative and oriented and had normal
11  speech, thought process, perception, insight, and judgment. AR 35. This is a valid reason to
12  discount an opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict
13  between treatment notes and a treating provider's opinions may constitute an adequate reason to
14  discredit the opinions of a treating physician or another treating provider."). The ALJ reasonably
15  found such evidence undermined the support for Dr. Weiss's extreme limitations. *See Stiffler v.*
16  *O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (finding ALJ reasonably concluded extreme
17  social and cognitive limitations were inconsistent with "fair" and "normal" results on mental
18  status examination).

19       The ALJ also discounted both opinions because they "lacked a longitudinal perspective,"
20  finding the opinions of state agency consultants more persuasive for this reason. *See* AR 34–35.
21  The ALJ properly found other medical opinions more persuasive than those of Drs. Weiss and
22  Wingate for this reason. *See* 20 C.F.R. § 404.1520c(b)(5). Having found the ALJ gave proper
23  reasons supported by substantial evidence for discounting the opinions of Drs. Weiss and
24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

1  Wingate, the Court need not consider the remaining reasons given for discounting those

2  opinions, as any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674

3  F.3d 1104, 1115 (9th Cir. 2012).

        3.  <u>Dr. Wilkinson and Mr. Dilk</u>

        The ALJ found Dr. Wilkinson's September 2017 opinion and Mr. Wilk's October 2017 opinion unpersuasive because they were rendered over a year prior to the alleged onset date. AR 36. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165. The ALJ reasonably discounted the two opinions based on their limited relevance to the relevant period. *See* 20 C.F.R. § 404.1520c(c)(1) (supportability considers how "relevant the objective medical evidence and supporting explanations presented by a medical source are"). Plaintiff contends the ALJ erred because the opinions were consistent with and provided further support for Drs. Wingate and Weiss's opinions. Dkt. 12 at 7. At best, Plaintiff's argument offers an alternate way the ALJ could have weighed the medical evidence, but "where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

        4.  <u>Dr. Brown</u>

        The ALJ found state agency consultant Dr. Brown's opinion persuasive, reasoning that the moderate mental limitations opined by Dr. Brown were consistent with mental status examinations finding Plaintiff's reasoning was within normal limits. AR 33–34. In support of this finding, the ALJ noted Plaintiff's "mental status examinations were generally within normal limits" and "[Plaintiff] was consistently alert, fully oriented, cooperative, well-groomed with appropriate appearance, intact thought processing, lucid thought content and perception, intact

memory, fair judgment, fair insight, fair to good concentration, fair to good abstract reasoning and average or above intellectual functioning. *Id.* (citing AR 956, 958, 961, 963, 966–67, 974, 978). Plaintiff contends "Dr. Brown's findings are lacking in supportability and consistency" because they were inconsistent with other findings. Dkt. 12 at 8. However, the ALJ adequately pointed to "more than a mere scintilla" of evidence to support his conclusion, and thus, his determination was supported by substantial evidence. *See Biestek v. Berryhill*, 587 U.S. 97, 103 (2019); *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 ("[T]he report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record.") (cleaned up, emphasis in original).

**B.   Subjective Symptom Testimony**

Plaintiff contends the ALJ failed to adequately assess her subjective symptom testimony. Dkt. 12 at 9–15. Plaintiff testified that, due to her mental health impairments, she had difficulties leaving her bedroom around three to four days per week and did not leave her room one or two days per week. AR 56. She testified she has had occasional uncontrollable anger, getting upset and yelling. AR 71. She testified she has periodic outbreaks of tears. AR 70.[3]

The ALJ found Plaintiff presented evidence of an underlying impairment which could be expected to produce the alleged symptoms. AR 27. In such a circumstance, "the ALJ can reject [plaintiff's] testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons," unless there is evidence of malingering. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

---

[3] The ALJ also addressed some allegations related to Plaintiff's carpel tunnel syndrome, rejecting such allegations because they were inconsistent with physical examinations. AR 27–28. Plaintiff's only response to this is that she had "testified almost entirely about how *mental health symptoms* affect her ability to work." Dkt. 12 at 10 (emphasis in original). Thus, the Court finds Plaintiff has not raised any argument challenging the ALJ's determinations with respect to her physical symptom allegations.

The ALJ discounted Plaintiff's testimony, in part, based on her treatment history. The ALJ found Plaintiff's testimony inconsistent with evidence showing her symptoms improved and stabilized through medication and therapy. AR 29 (citing AR 1044, 1046–47, 1051, 1063, 1065, 1067, 1070, 1072, 1074, 1077, 1080, 1082). The ALJ noted that, while undergoing such treatment, Plaintiff often presented with low anxiety and depression scores and normal mood and affect. *Id.* Evidence of such effective treatment can be a clear and convincing reason for discounting Plaintiff's subjective testimony. *See Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023).

The ALJ also discounted Plaintiff's testimony because Plaintiff failed to take prescribed medications. AR 29. An ALJ can consider "unexplained or inadequately explained failure to . . . follow a prescribed course of treatment." *Molina*, 674 F.3d at 1112. Plaintiff argues the ALJ erred in finding her failure to take her prescribed medication was unexplained because she had testified her medication "makes it worse for [her]." Dkt. 12 at 10 (citing AR 67). But the ALJ considered this reason, finding such a claim inconsistent with her representation to providers that medications were effective. AR 30, 1047 (mood disorder "symptoms are stable with medications per patient"). Plaintiff asserts that "there is no evidence that [she] experienced sustained improvement that would allow her to perform full-time competitive work." Dkt. 12 at 10. But the ALJ found that Plaintiff's conditions were largely controlled when undergoing treatment; to the extent such improvement was not sustained, this was explained by Plaintiff's failure to take medication throughout the relevant period.

In sum, the ALJ properly discounted Plaintiff's testimony based on her treatment history. The Court need not consider the remaining reasons given for discounting Plaintiff's testimony as any error with respect to those reasons would be harmless. *See Molina*, 674 F.3d at 1115.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 9

**C.      Lay Witness Statement**

Plaintiff contends the ALJ failed to properly assess a statement from her fiancé. Dkt. 12 at 15–16. Where an ALJ has provided clear and convincing reasons to discount a claimant's testimony, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Here, Plaintiff's fiancé's statement provided a similar accounting of her abilities as Plaintiff's subjective symptom testimony did—it indicated Plaintiff was prone to anger, had some difficulties getting out of bed, and had difficulties with irritability and anxiety. *See* AR 401–04. The ALJ provided proper reasons for discounting such testimony, and those reasons apply to Plaintiff's fiancé's statement, as well. Although Plaintiff's fiancé's statement also described some physical limitations such as certain manipulative difficulties (*see* AR 401–05), Plaintiff raises no argument challenging the ALJ's assessment of the alleged physical limitations. *See* Dkt. 12 at 10, 17.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 29th day of August, 2024.

David W. Christel
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 10